KOTI SANGISETTY
ON BEHALF OF THE
MINOR CHILD RAVI SANGISETTY

VERSUS

THE LOUISIANA DEPARTMENT
OF EDUCATION, THROUGH
THE BOARD OF DIRECTORS,
THE LOUISIANA SCHOOL
FOR MATH, SCIENCE AND
THE ARTS, DAVID SINITIERE,
AND DEANIA A. JOHNSON

DOCKET NUMBER

98-428-B-M1

DIVISION " "

FILED: _____ : _____ DY.CLK.

## PETITION FOR DAMAGES

The petition of KOTI SANGISETTY, appearing herein on behalf of his minor child RAVI SANGISETTY, both residents and domiciliaries of Terrebonne Parish, Louisiana, respectfully represents:

1.

Made defendants herein are THE LOUISIANA DEPARTMENT OF EDUCATION, and the BOARD OF DIRECTORS, THE LOUISIANA SCHOOL FOR MATH, SCIENCE, AND THE ARTS, which is a part of the LOUISIANA DEPARTMENT OF EDUCATION, which is domiciled in the Parish of East Baton Rouge, State of Louisiana; DAVID SINITIERE, a resident and domiciliary of the Parish of Natchitoches, State of Louisiana; and DEANIA A. JOHNSON, a resident and domiciliary of the Parish of Natchitoches, State of Louisiana.

2.

RAVI SANGISETTY (hereinafter RAVI) was a student in his junior year at the Louisiana School for Math, Science, and the Arts, (hereinafter the School) until March of 1998.

3.

At that time, the School, through its Director of Student Affairs, DEANIA A. JOHNSON, issued a decision ordering the involuntary withdrawal of RAVI for violations of the School's Rules, contained in its official handbook.

4.

This decision was appealed by the plaintiff to the Executive Director of the School, DAVID SINITIERE, as provided by the Handbook. This appeal was denied. A copy of that decision is attached as Exhibit "A" and made a part hereof.

5.

Plaintiff appealed the decision of the Executive Director to the Appeals Committee of the Board of Directors of the School.

6.

As part of the procedure outlined by the Handbook, the Executive Director was to provide, within two days following the receipt of the written parental request for an appeal, a written report clearly stating the specific reason or reasons and the source of the authority to support his appeal.

7.

The written report provided by the Executive Director did not comply with this requirement. A copy of that report is attached as Exhibit "B" and made a part hereof.

8.

The Appeals Committee rendered its decision on April 2, 1998, based upon the report received from the Executive Director. A copy of that decision is attached as Exhibit "C" and made a part hereof.

9.

No hearing was accorded to plaintiff or to RAVI by the Director of Student Affairs, the Board or by the Executive Director of the School.

10.

RAVI was found to have committed a "Tier Three" violation as described in the handbook. As a result, the decision was made for the student to withdraw from the School.

11.

RAVI was charged with checking out of the school overnight to go to a tennis tournament in Monroe, but instead spending the night with three other students, two females and one other male, in a bed and breakfast in Natchitoches. Specifically, the charges were as follows:

-2-

a. Documenting false and misleading information, or signing out for one destination and going to another or reporting to the signed out destination and then going to another destination. (Page 29, Number 7, Handbook)

b. Indecent behavior .. which violate[s] the school's mission statement and the communal values reflective of that statement. (Page 32, Number 17)

c. School days and/or weekends - unauthorized leaving of school campus but remaining within the city limits. (Page 32, Number 23)

12.

The decisions of the Director of Student Affairs, the Executive Director and the Appeals Board are factually defective, in that:

a. RAVI was authorized by his father and by the School to leave the campus.

b. RAVI complied with the requirements of the rules regarding leaving the campus, but the School failed in its duty to follow its own rules.

c. Other matters to be shown at trial.

13.

The decisions of the Director of Student Affairs, the Executive Director and the Appeals Board are procedurally defective, in that:

a. The decision of the Director of Student Affairs, the Executive Director and the Appeals Board resulted in an "involuntary withdrawal" or expulsion from the School, for which RAVI was not provided a hearing as provided by the Handbook and by state law.

b. The decision of the Director of Student Affairs was reached without the conference with the student and his parents required by the Handbook.

c. The written reasons and sources for the decision provided by the Executive Director to the Appeals Board did not comply with the requirements of the Handbook.

d. The Director of Student Affairs, Executive Director and the Appeals Board failed to follow its own rules in making the decision regarding RAVI.

e. The rules found in the Handbook have not been properly promulgated by the Department of Education, a state agency, which contains the School as one of its sub-agencies.

f.  The appeal of the plaintiff was not heard by the entire Board of Directors, but was delegated to a committee made up of just a few individuals.

g.  Other matters to be shown at trial.

14.

As a result of the decision, RAVI was forced to leave school prior to the end of the semester.

15.

The other three students, including two juniors and one senior, charged with RAVI were allowed to stay in school until the end of the semester.

16.

At all times pertinent to this complaint, defendants DEANIA JOHNSON, DAVID SINITIERE and the BOARD OF DIRECTORS OF THE LOUISIANA SCHOOL were acting in their capacities as state employees and representatives.

17.

Plaintiff and RAVI are members of a racial minority, to-wit Indians (Asian).

18.

The conduct of the defendants, DEANIA JOHNSON, DAVID SINITIERE and the BOARD OF DIRECTORS OF THE LOUISIANA SCHOOL, was both tortious in nature, and as well, deprived RAVI and plaintiff of the following rights, privileges and immunities secured to them by the Constitution of the United States:

a.  The right of RAVI to due process of law in connection with the "involuntary withdrawal" or expulsion decision of defendants;

b.  The right of RAVI to be treated equally under the laws of the United States and of the State of Louisiana.

19.

RAVI was unable to complete the semester at the School and lost credits for courses which he cannot take at any other school in the State of Louisiana.

20.

RAVI's school transcripts will show that he withdrew from the school prior to the end of the

- 4 -

semester, which is damaging to his future, promising academic career. This has damaged his reputation and his ability to earn future income.

21.

Plaintiff and RAVI have both suffered mental anguish, suffering and humiliation from the actions of defendants, as well as damage to his reputation among his peers.

WHEREFORE, plaintiff prays that defendants be served with a copy of this petition and be cited to appear and answer the same; that there be judgment in favor of plaintiff and against defendants for damages to be established by this Court, together with judicial interest from date of judicial demand until paid, reasonable attorneys fees and for all costs of these proceedings; and that plaintiff be granted full, general and equitable relief.

Respectfully submitted,

_____
ANNA E. DOW
Bar Roll Number 5040
316 Royal Street
Post Office Box 3456
Baton Rouge, Louisiana 70821
(504) 387-4982

and

_____
DAVID A. HAMILTON
Bar Roll Number 6460
316 Royal Street
Post Office Box 44202
Capital Station
Baton Rouge, Louisiana 70804
(504) 387-4982